IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIEL W. KESTER,                          Case No. 6:12-cv-01056-HU

            Petitioner,              FINDINGS AND RECOMMENDATION

    v.

JEFF PREMO,

            Respondent.


Kristina Hellman
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

      Attorney for Petitioner

Ellen F. Rosenblum
Attorney General
Kristen E. Boyd
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301-4096

      Attorneys for Respondent

HUBEL, Magistrate Judge


1 -- FINDINGS AND RECOMMENDATION

Petitioner, an inmate at the Oregon State Penitentiary, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, petitioner's amended petition (#23) should be denied.

<u>**BACKGROUND**</u>

On June 14, 2002, petitioner was indicted for Felony Public Indecency after exposing himself to a 7-year-old child in public. Resp. Exhs. 102 & 144 at 6. Because petitioner had two prior convictions for felony sex crimes (Sodomy in the First Degree and Attempted Sexual Abuse in the First Degree), his presumptive sentence was life in prison, without the possibility of parole. O.R.S. 137.719(1). On April 24, 2003, petitioner was found guilty after a stipulated facts trial. Resp. Exhs. 104 & 136.

Prior to sentencing, petitioner underwent a Sexual Assault/Criminal Risk Assessment conducted by Steven and Cory Jensen. The assessment sets forth petitioner's extensive "Sexual History," which began at age 13 when petitioner exposed himself to several four and five-year-old girls. Resp. Exh. 145 at 6. At age 17, petitioner molested his first known female child, by fondling her and attempting intercourse. Id. at 7. Between the ages of approximately 19 and 33, petitioner sexually assaulted the three-year old daughter of his girlfriend by

putting her hand on his exposed penis; exposed himself to children while he was in the military; sexually molested several children in his wife's daycare by exposing his penis, ejaculating in their mouths, and simulating intercourse; molested a three-year-old neighbor "on and off" for five years; sexually molested girls visiting his daughter; and was arrested three times for exposing himself. Id. at 7-8.

In approximately 1978, petitioner began molesting his infant daughter Mary by putting his penis in her mouth and ejaculating. Id. at 8. Petitioner sexually molested his older daughter Karen on or about 150 occasions. Id. When his younger daughter Mary was 10 years old, he started molesting her again by putting his penis in her mouth and fondling her breasts and genitals. He reported that he tried to have intercourse with Mary on one occasion, but stopped when she began to cry. Id. After going through treatment, petitioner began molesting Mary again, and sodomized a four-year-old girl. While on probation for abusing his daughter, he exposed himself on several more occasions. In 1996, he was arrested for exposing himself and grabbing a young girl's breast. Id. at 9. Petitioner was convicted of Attempted Sexual Abuse I and was released from incarceration in 1999.

Clinicians Steven and Cory Jensen opine that "[t]he sheer quantity of crimes and arrests place [petitioner] among the most

persistent, if not dangerous, sex offenders evaluated by this Center to date." <u>Id.</u> at 11. The Jensens note that by petitioner's own calculation, he has exposed himself between five and eight thousand times, sexually assaulted children on hundreds of occasions, and had been arrested 13 times. They conclude that there is no evidence of remorse, his urge to offend is high, and "there has been little, if any, control exerted to avoid reoffending." <u>Id.</u>

Prior to entry of the sentence, defense counsel raised multiple constitutional objections to the imposition of a life sentence, including that a life sentence, without the possibility of parole, would constitute cruel and unusual punishment:

> Your Honor, most of our arguments with respect to the imposition of 137.719 are based on constitutional grounds. * * * [I]f [a] life sentence were in fact imposed, we would object on the basis that this may violate the double jeopardy clause as under the Fifth Amendment to the U.S. Constitution, the State's due process clause, the Fourteenth Amendment, the Oregon Constitution. *Furthermore, as indicated that this is a form of sickness or addiction, we feel that this may be cruel and unusual punishment, and if so, we would object on the basis that this is cruel and unusual punishment as protected by the Eighth Amendment of the U.S. Constitution. Also, in Article I, Section 16 of the Oregon Constitution.*

Resp. Exh. 105 at 10-11.

At the June 12, 2003 sentencing hearing, the trial court rejected petitioner's constitutional objections and imposed the presumptive life sentence:

> [L]ooking at your persistent involvement in these types of offenses going back . . . for nearly 40 years, the number of victims being so large . . . at least 4,000 times.  I think even by your own estimate that's a lot. * * * [Y]our chances in treatment are very low to try to avoid recidivism. * * * So you're a very high risk offender, your diagnosis as an exhibitionist and a chronic pedophile, I [do] not believe that any of the constitutional issues raised . . . would or should be applied in this case.  I don't think anyone – any ordinary person in the community would be surprised at all why a life sentence, if they read your background and knew of your history. * * * So I don't think that there's a cruel and unusual punishment argument here, and given the fact that you do not meet the criteria for the statute and the fact that your diagnosis is so bad and your history is so bad, I think the presumptive sentence is appropriate and there would be no way I could depart, and I will impose a life sentence without the possibility of release.

Id. at 15-16.

Petitioner filed a direct appeal alleging that the trial court erred in entering a conviction for a felony, rather than a misdemeanor, under state law.  Resp. Exhs. 106 & 108.[1]  The

---

[1] Public Indecency is a felony if the defendant has a prior conviction for public indecency or certain sex offenses. Petitioner had *two prior Public Indecency convictions*, and convictions for Sodomy in the First Degree and Attempted Sexual Abuse in the First Degree.  See Resp. Exh. 136 & 144 at 3-6; O.R.S. 163.465(1)(c) & (2)(b).  Because any one of petitioner's prior convictions support his felony public

(continued...)

Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. State v. Kester, 206 Or. App. 520, 138 P.3d 62, rev. denied, 341 Or. 392 (2006).

Petitioner unsuccessfully sought state post-conviction relief on the basis, *inter alia*, that trial and appellate counsel were ineffective for failing to adequately challenge petitioner's life sentence on the basis that it constitutes cruel and unusual punishment. Citing to State v. Wheeler, 343 Or. 652, 175 P.3d 438 (2007), the post-conviction court rejected petitioner's claim that trial and appellate counsel were ineffective:

> Petitioner argues that trial counsel should have better preserved, and appellate counsel should have argued, that the imposition of a true life sentence for this offense (an incident of exhibitionism) constituted cruel and unusual punishment. While at first blush a life sentence for one incident of indecent exposure might seem unduly harsh, a review of petitioner's prior history (even excluding the CBI report) demonstrates that petitioner is exactly the kind of dangerous repeat offender at which the statute is aimed. In view of the potential danger to society presented by defendant, and the failure of all prior efforts to rehabilitate him, lifetime incarceration is entirely appropriate for the protection not only of

---

[1](...continued)
indecency conviction, I reject petitioner's suggestion that his convictions for sodomy and sexual abuse were given "disproportionate weight" because they were used to elevate his public indecency conviction from a misdemeanor to a felony, and to support a true-life sentence. See Petitioner's Brief at 12.

society in general, but of its most vulnerable members
– children. *The sentence does not "shock the moral
conscience." State v. Wheeler, 343 Or 652, 679, 680
(2007).*

Resp. Exh. 156 at 4-5.

In its formal order, the post-conviction court held that
petitioner was not denied effective assistance of counsel under
the U.S. or Oregon Constitutions.  The post-conviction court
concluded that petitioner failed to demonstrate that a more
focused objection to his sentence on cruel and unusual
punishment grounds would have had a tendency to affect the
outcome of his sentencing proceeding.  Resp. Exh. 157 at 7.
With regard to appellate counsel, the post-conviction court
concluded that petitioner failed to demonstrate that any
reasonable appellate attorney would have raised the issue on
appeal, or that it is more probable than not that, had the issue
been raised, the result of the appeal would have been different.
Id.

On appeal, petitioner raised a single assignment of error,
alleging that trial and appellate counsel rendered ineffective
assistance of counsel by failing to make an adequate objection
and to assign as error on appeal, that petitioner's life
sentence violated his right to be free from cruel and unusual
punishment under the Oregon and U.S. Constitutions.  Resp. Exh.

159 at 5.   The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.   <u>Kester v. Premo</u>, 248 Or. App. 262, 274 P.3d 896, <u>rev. denied</u>, 352 Or. 33 (2012).

## DISCUSSION

## I.   **Procedural Default**

In his habeas petition, petitioner raises multiple claims of ineffective assistance of trial and appellate counsel. However, in his supporting brief, petitioner addresses only his claim that counsel was ineffective for failing to adequate raise an objection, and to challenge on appeal, his life sentence on the basis that it constitutes cruel and unusual punishment.

Petitioner's remaining grounds for relief are defaulted on the basis that they were not raised on appeal from the denial of post-conviction relief, and the time for doing so has expired. <u>See</u> <u>Hurles v. Ryan</u>, 2014 WL 1979307 *6 (9th Cir. May 16, 2014). Petitioner has made no attempt to demonstrate cause and prejudice to excuse his default, or make a showing that a fundamental miscarriage of justice will result if his constitutional claims are not considered.   <u>See</u> <u>Hurles</u>, 2014 WL 1979307 *6;   <u>Martinez v. Ryan</u>, 132 S.Ct. 1309, 1316 & 1318-19 (2012); <u>Schlup v. Delo</u>, 513 U.S. 298, 314-15 (1995).

Accordingly, with the exception of petitioner's claims that trial and appellate counsel rendered ineffective assistance by

failing to adequately challenge his sentence as cruel and unusual punishment, petitioner's grounds for relief should be denied on the basis that they are procedurally defaulted. <u>See</u> 28 U.S.C.

§ 2254(b)(1).

## II.  <u>**Ineffective Assistance of Counsel**</u>

### A.  **Standards**

Pursuant to 28 U.S.C. § 2254(d), habeas relief may not be granted unless it is shown that the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, or that it was based on an unreasonable determination of the facts in light of the record before the state court.  In the instant proceeding, petitioner contends that the state court unreasonably applied clearly established federal law.

An unreasonable application of clearly established law "must be objectively unreasonable, not merely wrong; even clear error will not suffice." <u>White v. Woodall</u>, 134 S.Ct. 1697, 1702 (2014) (internal quotations omitted).  Petitioner must show that the state court's ruling is "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." <u>White</u>,

134 S.Ct. at 1702 (internal quotations omitted); <u>Burt v. Titlow</u>, 134 S.Ct. 10, *16 (2013).

When a habeas petitioner seeks to set aside a sentence due to ineffective assistance of counsel, counsel is strongly presumed to have rendered adequate assistance. <u>Burt</u>, 134 S.Ct. at *18; <u>Cullen v. Pinholster</u>, 131 S.Ct. 1388, 1403 (2011). Hence, this court applies a "doubly deferential" standard, giving both the state court and the defense attorney the benefit of the doubt. <u>Burt</u>, 134 S.Ct. at *13; <u>Cullen</u>, 131 S.Ct. at 1403.

**B.    Strickland v. Washington**

A claim of ineffective assistance of counsel requires petitioner to prove that counsel's performance fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1987); <u>Hurles</u>, 2014 WL 1979307 at *5 & *11.    A "reasonable probability" requires a substantial, not just conceivable, likelihood of a different result. <u>Cullen</u>, 131 S.Ct. at 1403.

The two-prong test announced in <u>Strickland</u> is well established federal law, and extends to sentencing. <u>Lafler v. Cooper</u>, 132 S.Ct. 1376, 1385-86 (2012); <u>Cullen</u>, 131 S.Ct. at

1403.    The failure to raise a meritless legal argument or
objection does not fall below an objective standard of
reasonableness for professional conduct.  Juan H. v. Allen, 408
F.3d 1262, 1273 (9th Cir. 2005); Baumann v. United States, 692
F.2d 565, 572 (9th Cir. 1982).

 **C.    Analysis**

 Pursuant to O.R.S. 137.719(1) "[t]he presumptive sentence
for a sex crime that is a felony is life imprisonment without
the possibility of release or parole if the defendant has been
sentenced for sex crimes that are felonies at least two times
prior to the current sentence."  Petitioner alleges that trial
counsel was ineffective because he failed to provide a *thorough
and focused analysis* of his objection that petitioner's true
life sentence violated his right to be free from cruel and
unusual punishment under Article I, § 16 of the Oregon
Constitution and the Eighth Amendment to the United States
Constitution.  Amended Petition (#23) at 5.    P e t i t i o n e r
complains that trial counsel "made only a perfunctory recitation
of these claims, failing to even mention the legal standards
under which the state and federal courts analyze them."  Brief
in Support at 1.  Petitioner argues that he suffered prejudice
as a result of counsel's deficient performance "[b]ecause there
were strong arguments to be made that the true-life sentence

11 -- FINDINGS AND RECOMMENDATION

violated . . . [his] state and federal rights to be free from cruel and unusual punishment." Id. at 18.

Prior to petitioner's sentencing, the Oregon Supreme Court had held in comparable circumstances that the imposition of enhanced penalties on recidivist defendants does not violate the Oregon Constitution. See Jensen v. Gladden, 231 Or. 141, 144-47, 372 P.2d 183 (1962) (imposition of indeterminate sentence not exceeding natural life on defendant convicted of indecent exposure, who had prior conviction for delinquency of a minor, does not "shock the conscience"); State v. Smith, 128 Or. 515, 525-26, 273 P. 323 (1929) (upholding imposition of life sentence on defendant convicted of receiving stolen property, who had four prior burglary convictions). The relevant inquiry under Oregon law is whether the legislative judgment in enacting a penalty in response to recidivism is reasonable, and whether the penalty is so disproportionate as to shock the moral sense of all reasonable people. Wheeler, 343 Or. at 448-49; State v. Thorp, 166 Or. App. 564, 576-77, 2 P.3d 903 (2000).[2]

---

[2] In 2007, the Oregon Supreme Court held that O.R.S. 137.719(1) is facially valid under the proportionality clause of Article I, section 16 of the Oregon Constitution, and as applied to the defendant. State v. Wheeler, 343 Or. 652, 678-79, 175 P.3d 438 (2007). This court is bound by the Wheeler Court's conclusion that O.R.S. 137.719(1) is facially valid under the Oregon Constitution. Bradshaw v. Richey, 546 U.S.

(continued...)

Prior to petitioner's sentencing, the U.S. Supreme Court had upheld as constitutional recidivism statutes in comparable and less serious circumstances, on the basis that the Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime, and does not require *strict* proportionality between the crime and sentence. See Ewing v. California, 538 U.S. 11, 28-30 (2003) (upholding 25 years to life sentence for theft of three golf clubs imposed on defendant with long history of felony recidivism); Lockyer v. Andrade, 538 U.S. 63, 77 (2003) (upholding two consecutive terms of 25 years to life for felony theft of videotapes imposed on defendant with prior felony burglary convictions); Rummel v. Estelle, 445 U.S. 263, 271 (1980)(upholding life sentence, with the possibility of parole, imposed on defendant convicted of felony theft (for obtaining $120.75 by false pretenses), and who had prior felony convictions for fraudulent use of a credit card and passing a forged check); but see Solem v. Helm, 463 U.S. 277, 288 (1983) (striking recidivist sentence of life, without possibility of parole, because uttering a "no account" check for $100 is

---

[2](...continued)
74, 76 (2005); Almonte v. Hill, 2009 WL 723155 *5 (D.Or. Mar. 18, 2009).

nonviolent crime, and defendant's six prior felonies were relatively minor).

Despite the foregoing case law upholding recidivism statutes, trial counsel nevertheless raised an objection to petitioner's sentence on the basis that it constituted cruel and unusual punishment. In light of the applicable case law, and petitioner's extensive criminal history and admitted sexual abuse of children, trial counsel's failure to raise a more extensive objection did not fall below an objective standard of reasonable. See Juan H., 408 F.3d at 1273 (failure to raise meritless argument does not constitute ineffective assistance); Baumann, 692 F.2d at 572 (same).

In so holding, I find the state cases relied upon by petitioner to support his assertion that the Oregon Constitution "provided a strong cruel and unusual punishment claim" unconvincing given the fact that they do not involve recidivism statutes. See Cannon v. Gladden, 203 Or. 629, 632-33, 281 P.2d 233 (1955) (striking down sentence for assault, with intent to commit rape, which was greater than the penalty for a completed rape); State v. Shumway, 291 Or. 153, 164, 630 P.2d 796 (1981)(striking down sentence for intentional homicide which was greater than penalty for aggravated intentional homicide); State v. Rodriquez, 347 Or. 46, 70-77, 217 P.3d 659 (2009) (striking

down defendants' 75-month sentences for sexual abuse in the first degree given the limited nature of the touching involved); State v. Simonson, 243 Or. App. 535, 541-42, 259 P.3d 962 (2011)(striking down sentence for sexual abuse in the third degree which was greater than the penalty for rape in the third degree).

Additionally, petitioner has failed to demonstrate that, had counsel made a more focused or thorough objection, there is a reasonable probability that the result of the sentencing proceeding would have been different. As outlined above, petitioner had a 40 year history of sexually abusing and exposing himself to children. The "sheer quantity" of petitioner's crimes and arrests caused Clinicians Steven and Cory Jensen to opine that petitioner is among the most persistent, if not dangerous, sex offenders they have evaluated. Resp. Exhs. 145 & 144. Similarly, in a 1997 report, Clinical Psychologist Randall Green concluded that petitioner "is a compulsive and sexually dangerous predator to the children of many communities and has not availed himself of relapse prevention interventions which are known to him." Resp. Exh. 146 at 7.

In sum, petitioner has failed to satisfy both prongs of the Strickland test. The post-conviction court's rejection of

15 -- FINDINGS AND RECOMMENDATION

petitioner's ineffective assistance of trial counsel claim, therefore, is neither contrary to, nor an unreasonable application of clearly established law. <u>See</u> 28 U.S.C. § 2254(d)(1). Further, petitioner has made no showing that the post-conviction court's decision is premised upon an unreasonable determination of the facts in light of the evidence presented. <u>See</u> 28 U.S.C. § 2254(d)(2).

Finally, because petitioner's ineffective assistance of trial counsel claim lacks merit, his claim that appellate counsel was ineffective for failing to challenge trial counsel's ineffectiveness on appeal necessarily fails. <u>See</u> <u>Jones v. Smith</u>, 231 F.3d 1227, 1239 n.8 (9th Cir. 2000) (failure to raise meritless claim on appeal does not constitute ineffective assistance of counsel).

## <u>CONCLUSION</u>

Based on the foregoing, petitioner's amended habeas petition (#23) should be denied. Additionally, a certificate of appealability should be denied on the basis that petitioner has not made a substantial showing of the denial of a constitutional right. <u>See</u> 28 U.S.C. § 2253(c)(2).

## <u>SCHEDULING ORDER</u>

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due July 7, 2014. If

no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due July 24, 2014. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 19th day of June, 2014.

/s/ Dennis J. Hubel

_____
Dennis J. Hubel
United States Magistrate Judge